IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DONNIE Y.,**[1]

    Plaintiff,

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

    Defendant.

**Civ. No. 3:20-cv-00459-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff Donnie Y. was denied Supplemental Security Income under the Social Security Act. He appeals to this Court, arguing that the Administrative Law Judge's ("ALJ") step five findings were unsupported by substantial evidence in the record. Because the Commissioner of Social Security's ("Commissioner") decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). A reviewing court will affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1114–15 (9th Cir. 2021) (rejecting the standard of review from *I.N.S. v. Elias-Zacaria*, 502 U.S. 478 (1992) for SSI cases and reaffirming the substantial evidence standard). "Substantial evidence

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party.

is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the Court reviews the entire administrative record, weighing both the evidence that supports and detracts from the ALJ's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## **DISCUSSION**

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2012). The initial burden of proof rests on the claimant to meet the first four steps. If the claimant satisfies his burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.* If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner finds that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001). If 25,000 jobs exist nationwide that the claimant could perform, that can constitute "significant numbers in the national economy." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528–29 (9th Cir. 2014).

In the step two analysis here, the ALJ found that Plaintiff had the following severe impairments: major depressive disorder without psychotic features, unspecified personality disorder with antisocial/paranoid features, other specified anxiety disorder, history of right

gastrocnemius muscle sprain, and obesity. Tr. 17.² The ALJ assigned Plaintiff the following RFC:

> [T]he claimant . . . [can] perform medium work as defined in 20 CFR 416.967(c) except he should be able to change positions between sitting and standing in 30-60 minute intervals (such that he can sit up to 6 hours in an 8-hour day if desired); he can occasionally climb ramps and stairs; he can never climb ropes, ladders, or scaffolds; he can frequently stoop, crouch, crawl, and kneel; he should avoid concentrated exposure to hazards; he can do simple, routine tasks with a reasoning level of l-2; he can have occasional, indirect contact with the public; he can have occasional, superficial contact with coworkers with no teamwork or coordination of tasks.

Tr. 19. Based on the vocational expert's ("VE") testimony, the ALJ concluded that Plaintiff could perform jobs that exist in significant numbers in the national economy. Tr. 25–26. Accordingly, the ALJ determined that Plaintiff was not disabled. Tr. 26.

The only issue before the Court is whether the ALJ's step five findings were supported by substantial evidence. Pl.'s Op. Br. 2, ECF No. 12. At step five, the ALJ posed a hypothetical to the VE of an individual in similar age, education, work experience, and RFC to Plaintiff. Tr. 54–56. The VE then provided three occupations that such an individual could perform: production assembler, laundry sorter, and mail package sorter. Tr. 56. "All three sample occupations . . . [t]ypically have no public contact and would comport with the sitting, standing and walking limitations in hypothetical one." Tr. 57.

Plaintiff argues that the ALJ erred in finding he could perform the job of production assembler because it requires coordination with coworkers, which conflicts with Plaintiff's RFC. Pl.'s Op. Br. 5. Plaintiff provides the Dictionary of Occupational Titles ("DOT") definition of the position, stating that a production assembler "[p]erforms repetitive bench or line assembly operations to mass-produce products." Pl.'s Op. Br. 5; DOT 706.687-010. Plaintiff also relies on an unpublished case, *Tran v. Colvin*, No. CV 12-8644, 2013 WL 1855759 (C.D. Cal. Apr. 30,

---

² "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

3 – OPINION AND ORDER

2013), where the district court found that the production assembler job conflicted with the plaintiff's RFC limiting him to solitary work and no coordination with others.

An ALJ must determine whether the VE's testimony conflicts with the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1152–53 (9th Cir. 2007). Here, the ALJ asked the VE whether his testimony was consistent with the DOT, to which the VE responded yes. Tr. 79. The DOT definition of production assembler is silent as to whether the job includes coordination with others. *See* DOT 706.687-010. The district court in *Tran* suggested that assembly line work involves coordination with others, but the plaintiff there was further limited to solitary work and no contact with the public. 2013 WL 1855759, at *2 n.2, *10–11. The Plaintiff here is not subject to such severe limitations. *See* tr. 19. While the ALJ must resolve conflicts between VE testimony and the DOT, the Court is unconvinced that Plaintiff's RFC conflicts with the requirements of the production assembler job.

Even if a conflict does exist, the ALJ's error in failing to resolve it is harmless. An error is harmless if it is "inconsequential to the ultimate non-disability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations omitted). Here, the VE proffered two additional jobs, laundry sorter and mail package sorter, that Plaintiff could perform. Tr. 56. Plaintiff does not contend that either of these jobs conflict with his RFC limitation of no coordination with others. The VE testified that there are 74,000 people working nationally as laundry sorters and 70,000 people working nationally as mail package sorters. Tr. 56–57. As each of these jobs exist in significant numbers in the national economy, the Commissioner's burden at step five is satisfied. *See Bustamante*, 262 F.3d at 953–54; *Gutierrez*, 740 F.3d at 528–29.

Plaintiff next argues that the ALJ failed to resolve a conflict between his standing and walking limitations and the VE's proffered jobs. Pl.'s Op. Br. 6. The ALJ's hypothetical to the VE

included an individual who could perform medium work, except he should be able to change positions between sitting and standing in 30-60 minute intervals, such that he can sit up to 6 hours in an 8-hour day if desired. Tr. 55–56. The VE responded that he "can proffer unskilled, light occupations but not medium because of the cap of being on your feet for not very long." Tr. 56.

Plaintiff argues that the ALJ's 6-hour sitting limitation means Plaintiff is limited to 2 hours of standing and walking. Pl.'s Op. Br. 6–7. Plaintiff concludes that he should be limited to sedentary jobs rather than light exertional work. Pl.'s Op. Br. 7. Plaintiff misinterprets the ALJ's limitations. A 6-hour sitting limitation does not imply a 2-hour standing and walking limitation. Further, the VE asked the ALJ to clarify Plaintiff's standing limitation at the hearing and the ALJ provided a limitation of standing or walking up to 2 hours *or more*. Tr. 55–56. The ALJ therefore did not err in relying on the VE's proffered light exertional jobs.

## CONCLUSION

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 28th day of September, 2021.

                                                                                _s/Michael J. McShane_____
                                                                                Michael J. McShane
                                                                                United States District Judge